IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX L. SORKIN, | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO.: H-06-1318 |
| DAYTON SUPERIOR CORPORATION AND SOUTH COAST STEEL SERVICE, INC., | : | |
| Defendants. | : | |

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 25 2006

MICHAEL N. MILBY, CLERK OF COURT

## DEFENDANT SOUTH COAST STEEL SERVICE, INC.'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant South Coast Steel Service, Inc. ("South Coast") moves this Court for an order dismissing Plaintiff Felix L. Sorkin's ("Sorkin") Complaint for lack of personal jurisdiction.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: _____
David T. McDowell
State Bar No. 00791222
Fed. ID No. 18464

Mark E. Lewis
State Bar No. 12299100
Fed. ID No. 12799

711 Louisiana St., Suite 2300
Houston, Texas 77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Telecopy)

ATTORNEY-IN-CHARGE FOR
DEFENDANTS

Of Counsel:

Stephen J. Butler (0010401)
Mark P. Levy (0016477)
John P. Colbert (0066955)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Telephone (513) 352-6700
Facsimile (513) 241-4771

## MEMORANDUM OF LAW

### I.     INTRODUCTION AND FACTS

For some unknown reason, Sorkin decided to sue South Coast in Texas for allegedly infringing a patent entitled "Chair For Use in Construction."  This Court should dismiss the Complaint against South Coast because it has no personal jurisdiction over this Defendant.  Not only does South Coast have no minimum contacts, it has had absolutely no contacts with Texas, either generally or specifically in connection with this case.

### II.    LAW AND ARGUMENT

Federal courts do not have jurisdiction over a nonresident defendant unless (1) the nonresident defendant has purposefully established minimum contacts with the forum state and (2) the exercise of jurisdiction comports with fair play and substantial justice.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).[1]  The plaintiff bears the burden of pleading and proving both elements before a court may exercise personal jurisdiction over a nonresident defendant.  *Colida v. LG Electronics, Inc.*, 77 Fed. Appx. 523 (Fed. Cir. 2003).

The Court cannot exercise jurisdiction over South Coast unless (1) the Texas long-arm statute authorizes it and (2) doing so would not offend constitutional due process.  *See Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, 1350 (Fed. Cir. 2002); *Hildebrand v. Steck Manufacturing Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002); *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1200-1201 (Fed. Cir. 2003).  The Texas long-arm statute authorizes jurisdiction over those who do business in Texas.  Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041 and 17.042 (2005).  The Texas Supreme Court has established that the broad language of the Texas long-arm statute's doing business requirement

---

[1] The Federal Circuit governs the issue of personal jurisdiction in patent-related cases.  *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343 (Fed. Cir. 2002); *Hildebrand v. Steck Manufacturing Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002).

allows the statute to reach as far as the federal constitution permits. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).

The due process clause of the Fourteenth Amendment, as interpreted by the Supreme Court, permits the exercise of personal jurisdiction over a nonresident defendant only when (1) that defendant has established "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Federal Circuit has held that in a patent case, *International Shoe* means that a court must determine: (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is "reasonable and fair." *Silent Drive*, 326 F.3d at 1202, citing *Inamed Corporation v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). The plaintiff has the burden to prove the first two prongs. *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 2006 U.S. App. LEXIS 8507, *11 (Fed. Cir. April 7, 2006); *Inamed*, 249 F.3d at 1360. Sorkin fails the first two prongs because he has not and cannot show that South Coast has any contacts in Texas. Further, the Court's assertion of personal jurisdiction over South Coast in this action would be unreasonable and unfair.

A. **South Coast Did Not Purposefully Direct Its Activities At Texas Residents**

Sorkin cannot establish the first prong, because South Coast has no presence in Texas whatsoever. As set forth in the Affidavit of Glen Gross ("Gross Aff."), President of South Coast, attached as Exhibit A, South Coast is a California corporation with its principal place of business in Anaheim, California. Gross Aff. ¶ 2. In fact, South Coast has no connections with the State of Texas – it is not incorporated, is not licensed to do business, does not have a registered agent

and has not consented to be sued in Texas. Gross Aff. ¶¶ 3-4. South Coast has never maintained an office, mailing address or any other place of business or facility of any kind in Texas. South Coast does not own any property, real or personal, in Texas, and has no inventory, assets or bank accounts in Texas. South Coast is not listed in any telephone or business directory in Texas. Gross Aff. ¶ 5. South Coast has paid no unemployment or other taxes in Texas, nor has it been required to pay such taxes. Gross Aff. ¶ 6. South Coast has never contracted with any Texas resident, nor performed any contract either in whole or in part in Texas. Gross Aff. ¶ 10. South Coast has never advertised its products to potential customers in Texas. Gross Aff. ¶ 9.

Quite simply, South Coast has no contacts in Texas and cannot be subject to personal jurisdiction there.

### B.   The Claim Does Not Arise Out Of Activities In Texas

Likewise, Sorkin fails the second prong, because South Coast did not conduct any activity in Texas in connection with the claims in this action. Indeed, Sorkin cannot claim that his alleged injuries arose out of any South Coast activities in Texas, as there are none. South Coast does not employ or maintain a sales representative or manufacturer representative in Texas and has not engaged an independent contractor to work in Texas. Gross Aff. ¶ 7. South Coast does not sell any products, including the allegedly infringing construction chairs, in Texas and has no customers in Texas. South Coast does not generate revenue from or conduct business with any customer located in Texas, or from any other activity in Texas. Gross Aff. ¶ 8.

Sorkin has failed to show that South Coast has any contacts with Texas that would allow the Court to exercise personal jurisdiction.

### C. Personal Jurisdiction Would Not Be Reasonable Or Fair

This Court's assumption of jurisdiction over South Coast would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *See International Shoe*, 326 U.S. at 316. Reasonableness is determined by balancing several factors: (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies. *Colida*, 77 Fed. Appx. at 526.

Under this balancing test, the exercise of personal jurisdiction over South Coast would be unreasonable. South Coast would face a significant burden if it is forced to defend this action in Texas. The assumption of personal jurisdiction over South Coast would serve no interests of this district court or the State of Texas and would further no social policy of the state.

### III. CONCLUSION

Sorkin has not and cannot allege any facts that would subject South Coast to personal jurisdiction in Texas. For the foregoing reasons, South Coast's Rule 12(b)(2) motion should be granted, and South Coast should be dismissed from this action.

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: /s/ Mark E. Lewis
David T. McDowell
State Bar No. 00791222
Fed. ID No. 18464

Mark E. Lewis
State Bar No. 12299100
Fed. ID No. 12799

711 Louisiana St., Suite 2300
Houston, Texas 77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Telecopy)

ATTORNEY-IN-CHARGE FOR
DEFENDANTS

Of Counsel:

Stephen J. Butler (0010401)
Mark P. Levy (0016477)
John P. Colbert (0066955)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Telephone (513) 352-6700
Facsimile (513) 241-4771

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via certified mail, return receipt requested, the 25th day of May, 2006, on counsel for Plaintiff, John S. Egbert, Egbert Law Offices, 412 Main Street, 7th Floor, Houston, Texas 77002.

/s/ Mark E. Lewis
Mark E. Lewis



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX SORKIN | : | Civil Action No. H-06-1318 |
| Plaintiff, | : | Judge Lee H. Rosenthal |
| v. | : | **AFFIDAVIT OF GLENN GROSS** |
| DAYTON SUPERIOR CORPORATION AND SOUTH COAST STEEL SERVICE, INC. | : | |
| Defendants. | : | |

STATE OF CALIFORNIA   )
                      ) ss:
COUNTY OF Orange      )

I, Glenn Gross, having been duly sworn, state as follows:

1. My name is Glenn Gross. I am President of South Coast Steel Service, Inc. ("South Coast"). I have held this position since _25_. I have personal knowledge of and am in all respects competent to testify to the matters stated in this Affidavit.

2. South Coast is a California corporation with its principal place of business in Anaheim, California. South Coast also has an office in Benicia, California.

3. South Coast has no connections with the State of Texas. South Coast is not incorporated in Texas and is not licensed to do business in Texas.

4. South Coast does not have a registered agent in Texas and has not consented to be sued in Texas.

5. South Coast has never maintained an office, mailing address or any other place of business or facility of any kind in Texas. South Coast does not own any property, real or personal, in Texas, and has no inventory, assets or bank accounts in Texas. South Coast is not listed in any telephone or business directory in Texas.

6. South Coast has paid no unemployment or other taxes in Texas, nor has it been required to pay such taxes.

7. South Coast does not employ or maintain a sales representative or manufacturer representative in Texas and has not engaged an independent contractor to work in Texas.

8. South Coast does not sell any products, including construction chairs, in Texas and has no customers in Texas. South Coast does not generate revenue from or conduct business with any customer located in Texas, or from any other activity in Texas.

9. South Coast has not advertised in Texas for customers.

10. South Coast has not contracted by mail with any Texas resident whereby the contract was to be performed in whole or in part in Texas.

11. As far as South Coast is aware, it has never committed a tort in Texas.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Glenn Gross

SWORN TO AND SUBSCRIBED by me this 23 day of May, 2006.

[Notary Seal: I. S. JAYASWAL, Commission # 1618788, Notary Public - California, Orange County, My Comm. Expires Nov 4, 2009]

_____
Notary Public

586237.1

2